## LUTTRELL *v.* STATE.

(Division B.   May 10, 1937.   Suggestion of Error Overruled June 7, 1937.)

[174 So. 53.   No. 32778.]

**Clark & Clark**, of Iuka, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant and the deceased were kinsmen, lived in the same neighborhood, and worked together on the same public works. The place of their work was located at a distance from their homes, so that it was necessary to travel by automobile and to leave at an early hour in the morning. On the morning preceding the homicide, the deceased stopped at the home of appellant, after appellant's departure, and finding appellant's wife alone, made to her a proposal for sexual intercourse, which was refused, and deceased then stated that he would call on the following morning and compel her Appellant's wife thereupon declared that she would inform her husband upon his return that afternoon of what had happened, to which deceased replied, in substance, that he did not believe she would do so.

Upon appellant's return that afternoon his wife told him of the conduct of deceased and of his threat. Early the next morning, appellant concealed his automobile at a distance from his residence, and returning hid himself in a side room next to the room in his residence used as a main bedroom. The admitted purpose in concealing the automobile was to cause the deceased to suppose that appellant had already left for his place of work.

In a few minutes deceased appeared, and finding appellant's wife. in the kitchen, led her to the bedroom, whereupon appellant came out of the side room and with a knife stabbed the deceased to death. The body of the deceased was then taken to, and thrown into a ditch about 50 to 75 yards distant, where it was soon afterwards found.

Upon indictment and trial for murder, appellant was convicted of manslaughter, and appeals, assigning as the principal alleged error that he should have been granted the peremptory instruction requested by him of not guilty, on the ground that the homicide was committed to prevent the commission of a felony in his dwelling house, and upon the person of his wife. We do not think that, under the circumstances stated, the appellant was entitled to a directed verdict of not guilty. Leaving aside the point that the felony which the homicide is alleged to have prevented must be one which was immediate and impending at the moment of the killing, the facts, in order to supply justification, must be such as to sustain the belief that the killing was reasonably necessary to prevent the commission of the felony. It would be a most dangerous doctrine to establish that a party may deliberately prepare the stage for a killing such as was done here, and thereupon rely for acquittal upon the plea that it was to prevent the commission of a felony. There are no reversible errors in the record.

Affirmed.